**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **TITAN LOGISTICS GROUP LLC** | ) Case No. _____ |
| d/b/a 420 Beverage and Your Highness | ) |
| 15200 Brookpark Road | ) Judge _____ |
| Cleveland, OH 44135 | ) |
| | ) |
| and | ) |
| | ) **VERIFIED COMPLAINT FOR** |
| **HOPPORTUNITY HOLDING** | ) **TEMPORARY RESTRAINING** |
| **COMPANY LLC** | ) **ORDER/INJUNCTION AND CLASS** |
| 2885 Detroit Avenue | ) **ACTION** |
| Cleveland, OH 44113 | ) |
| | ) |
| and | ) Andrew R. Mayle (0075622) |
| | ) MAYLE LLC |
| **SAUCY SELTZER LLC** | ) P.O. Box 263 |
| 2885 Detroit Avenue | ) Perrysburg, Ohio 43552 |
| Cleveland, OH 44113 | ) Telephone:    (419) 334-8377 |
| | ) Facsimile:    (419) 355-9698 |
| and | ) Email:          amayle@maylelaw.com |
| | ) |
| **APP GIRLS LLC** | ) Gregory H. Wagoner (0076132) |
| d/b/a Appalachian Girls | ) Nicholas T. Stack (0086333) |
| P.O. Box 299 | ) SHUMAKER, LOOP & KENDRICK, LLP |
| Nelsonville, OH 45764 | ) 1000 Jackson Street |
| | ) Toledo, Ohio 43604 |
| and | ) Telephone:    (419) 241-9000 |
| | ) Facsimile:    (419) 241-6894 |
| **MODERN DISTRIBUTION, LLC** | ) E-Mail:        gwagoner@shumaker.com |
| 1579 Prospect Street | )                     nstack@shumaker.com |
| High Point, North Carolina 27260 | ) |
| | ) *Attorneys for Plaintiffs* |
| and | ) |
| | ) |
| **GRAYSCALE BREWING, LLC** | ) |
| d/b/a Niche Beverage | ) |
| 1662 Blue Rock Street | ) |
| Cincinnati, OH 45223 | ) |
| | ) |
| and | ) |
| | ) |

39743378v2

**IHC INVESTMENTS, INC.**                       )
d/b/a The Hemp Collect                          )
2014 SE 9th Ave.                                )
Portland, OR 97215                              )
                                                )
and                                             )
                                                )
**KNOW NATURALS LLC**                           )
d/b/a Slightly Elevated                         )
715 Lincoln Road                                )
McClellanville, SC 29458                        )
                                                )
and                                             )
                                                )
**PRECISION FILL AND PACK LLC**                 )
d/b/a Mellow Fellow                             )
1120 NW 51st CT                                 )
Fort Lauderdale, FL 33309                       )
                                                )
and                                             )
                                                )
**JSZN LLC**                                    )
d/b/a Muffins                                   )
2900 NE 2nd Ave.                                )
Miami, FL 33137                                 )
                                                )
        Plaintiffs,                             )
                                                )
-vs-                                            )
                                                )
**BETH TISCHLER**                               )
Sandusky County Prosecuting Attorney            )
100 North Park Avenue                           )
Fremont, OH  43420                              )
                                                )
and                                             )
                                                )
**STEVEN D. BARNETT**                           )
Carroll County Prosecuting Attorney             )
7 East Main Street                              )
Carrollton, OH  44615                           )
                                                )
and                                             )
                                                )
                                                )
                                                )

2

**MATT MUZIC**                                       )
Holmes County Prosecuting Attorney                   )
164 East Jackson Street                              )
Millersburg, OH  44654                               )
                                                     )
and                                                  )
                                                     )
**CONNIE LEWANDOWSKI**                               )
Portage County Prosecuting Attorney                  )
241 South Chestnut Street                            )
Ravenna, OH  44266                                   )
                                                     )
and                                                  )
                                                     )
**KYLE STONE**                                       )
Stark County Prosecuting Attorney                    )
110 Central Plaza South, Suite 510                   )
Canton, OH  44702                                    )
                                                     )
and                                                  )
                                                     )
**ELLIOT KOLKOVICH**                                 )
Summit County Prosecuting Attorney                   )
53 University Avenue                                 )
Akron, OH  44308-1680                                )
                                                     )
and                                                  )
                                                     )
**R. SCOTT DEEDRICK**                                )
Tuscarawas County Prosecuting Attorney               )
125 East High Avenue                                 )
New Philadelphia, OH  44663                          )
                                                     )
and                                                  )
                                                     )
**ANGELA WYPASEK**                                   )
Wayne County Prosecuting Attorney                    )
115 West Liberty Street                              )
Wooster, OH  44691                                   )
                                                     )
and                                                  )
                                                     )
**CHRISTOPHER R. TUNNELL**                           )
Ashland County Prosecuting Attorney                  )
110 Cottage Street, 3rd Floor                        )
Ashland, OH  44805                                   )

3

and                                                        )
                                                           )
**APRIL GRABMAN**                                          )
Ashtabula County Prosecuting Attorney                      )
25 West Jefferson Street                                   )
Jefferson, OH  44047                                       )
                                                           )
and                                                        )
                                                           )
                                                           )
**MATTHEW CRALL**                                          )
Crawford County Prosecuting Attorney                       )
112 East Mansfield Street, Suite 305                       )
Bucyrus, OH  44820                                         )
                                                           )
and                                                        )
                                                           )
**MICHAEL C. O'MALLEY**                                    )
Cuyahoga County Prosecuting Attorney                       )
1200 Ontario Street                                        )
Cleveland, OH  44113                                       )
                                                           )
and                                                        )
                                                           )
**JAMES FLAIZ**                                            )
Geauga County Prosecuting Attorney                         )
231 Main Street, Suite 3A                                  )
Chardon, OH  44024                                         )
                                                           )
and                                                        )
                                                           )
**CHARLES E. COULSON**                                     )
Lake County Prosecuting Attorney                           )
105 Main Street                                            )
Painesville, OH  44077                                     )
                                                           )
and                                                        )
                                                           )
**TONY CILLO**                                             )
Lorain County Prosecuting Attorney                         )
225 Court Street, 3rd Floor                                )
Elyria, OH  44035                                          )
                                                           )
and                                                        )
                                                           )
                                                           )

4

**S. FORREST THOMPSON**                         )
Medina County Prosecuting Attorney             )
72 Public Square                               )
Medina, OH  44256-2279                         )
                                               )
and                                            )
                                               )
**JODIE SCHUMACHER**                            )
Richland County Prosecuting Attorney           )
38 South Park Street                           )
Mansfield, OH  44902                           )
                                               )
and                                            )
                                               )
**DESTINY CALDWELL**                            )
Allen County Prosecuting Attorney              )
204 N. Main Street, Suite 302                  )
Lima, OH  45801                                )
                                               )
and                                            )
                                               )
**BENJAMIN R. ELDER**                           )
Auglaize County Prosecuting Attorney           )
201 Willipie Street                            )
Wapakoneta, OH  45895                          )
                                               )
and                                            )
                                               )
**MORRIS J. MURRAY**                            )
Defiance County Prosecuting Attorney           )
500 Court Street, Suite C                      )
Defiance, OH  43512                            )
                                               )
and                                            )
                                               )
**KEVIN J. BAXTER**                             )
Erie County Prosecuting Attorney               )
247 Columbus Avenue, Suite 319                 )
Sandusky, OH  44870                            )
                                               )
and                                            )
                                               )
**T. LUKE JONES**                               )
Fulton County Prosecuting Attorney             )
152 South Fulton Street, Suite 240             )
Wauseon, OH  43567                             )

5

and                                                      )
                                                         )
**SEAN ABBOTT**                                          )
Hancock County Prosecuting Attorney                      )
514 South Main Street, Suite B                           )
Findlay, OH  45840                                       )
                                                         )
and                                                      )
                                                         )
**BRADFORD W. BAILEY**                                   )
Hardin County Prosecuting Attorney                       )
One Courthouse Square - #50                              )
Kenton, OH  43326-1575                                   )
                                                         )
and                                                      )
                                                         )
**GWEN HOWE GEBERS**                                     )
Henry County Prosecuting Attorney                        )
660 N. Perry St.  Suite 101                              )
Napoleon, OH  43545                                      )
                                                         )
and                                                      )
                                                         )
**JAMES JOEL SITTERLY**                                  )
Huron County Prosecuting Attorney                        )
12 East Main Street, 4th Floor                           )
Norwalk, OH  44857                                       )
                                                         )
and                                                      )
                                                         )
**RAYMOND A. GROGAN**                                    )
Marion County Prosecuting Attorney                       )
100 Executive Drive, 2nd Floor                           )
Marion, OH  43302                                        )
                                                         )
and                                                      )
                                                         )
**ERIN MINOR**                                           )
Mercer County Prosecuting Attorney                       )
119 North Walnut Street                                  )
Celina, OH  45822                                        )
                                                         )
and                                                      )
                                                         )
                                                         )
                                                         )
                                                         )

6

**JAMES VANEERTEN**                       )
Ottawa County Prosecuting Attorney        )
315 Madison Street, 2nd Floor             )
Port Clinton  OH  43452                   )
                                          )
and                                       )
                                          )
**MATT MILLER**                           )
Paulding County Prosecuting Attorney      )
120 South Walnut Street                   )
Paulding, OH  45879                       )
                                          )
and                                       )
                                          )
**GARY L. LAMMERS**                       )
Putnam County Prosecuting Attorney        )
336 East Main Street, Suite B             )
Ottawa, OH  45875                         )
                                          )
and                                       )
                                          )
**DEREK W. DEVINE**                       )
Seneca County Prosecuting Attorney        )
79 South Washington Street                )
Tiffin, OH 44883                          )
                                          )
and                                       )
                                          )
**DILLON STAAS IV**                       )
Van Wert County Prosecuting Attorney      )
120 West Main Street                      )
Van Wert, OH  45891                       )
                                          )
and                                       )
                                          )
**KATHERINE J. ZARTMAN**                  )
Williams County Prosecuting Attorney      )
1425 East High Street                     )
Bryan, OH  43506                          )
                                          )
and                                       )
                                          )
**ERIC J. FIGLEWICZ**                     )
Wyandot County Prosecuting Attorney       )
137 South Sandusky Avenue                 )
Upper Sandusky, OH  43351                 )

7

and                                                    )
                                                       )
**KELLER BLACKBURN**                                   )
Athens County Prosecuting Attorney                     )
Athens County Courthouse                               )
Athens, OH  45701                                      )
                                                       )
and                                                    )
                                                       )
**KEVIN FLANAGAN**                                     )
Belmont County Prosecuting Attorney                    )
52160 National Road                                    )
St. Clairsville, OH  43950                             )
                                                       )
and                                                    )
                                                       )
**VITO ABRUZZINO**                                     )
Columbiana County Prosecuting Attorney                 )
135 South Market Street                                )
Lisbon, OH  44432                                      )
                                                       )
and                                                    )
                                                       )
**BENJAMIN E. HALL**                                   )
Coshocton County Prosecuting Attorney                  )
500 North Third Street, Suite A                        )
Coshocton, OH  43812                                   )
                                                       )
and                                                    )
                                                       )
**MELISSA SCHIFFEL**                                   )
Delaware County Prosecuting Attorney                   )
140 North Sandusky Street                              )
Delaware, OH  43015                                    )
                                                       )
and                                                    )
                                                       )
**R. KYLE WITT**                                       )
Fairfield County Prosecuting Attorney                  )
239 West Main Street                                   )
Lancaster, OH  43130                                   )
                                                       )
and                                                    )
                                                       )
                                                       )
                                                       )

8

**JESS C. WEADE**                            )
Fayette County Prosecuting Attorney          )
119 East Market Street                       )
Washington C.H., OH 43160-1355               )
                                             )
and                                          )
                                             )
**SHAYLA FAVOR**                             )
Franklin County Prosecuting Attorney         )
373 South High Street                        )
Columbus, OH  43215                          )
                                             )
and                                          )
                                             )
**JASON D. HOLDREN**                         )
Gallia County Prosecuting Attorney           )
18 Locust Street, Room 1267                  )
Gallipolis, OH  45631                        )
                                             )
and                                          )
                                             )
**LINDSEY ANGLER**                           )
Guernsey County Prosecuting Attorney         )
627 Wheeling Ave                             )
Cambridge, OH  43725-0640                    )
                                             )
and                                          )
                                             )
**LAUREN KNIGHT**                            )
Harrison County Prosecuting Attorney         )
111 West Warren Street                       )
Cadiz, OH  43907                             )
                                             )
and                                          )
                                             )
**JENNIFER GRAHAM**                          )
Hocking County Prosecuting Attorney          )
88 South Market                              )
Logan, OH  43138                             )
                                             )
and                                          )
                                             )
**TRENT DOUTHETT**                           )
Jackson County Prosecuting Attorney          )
295 Broadway Street                          )
Jackson, OH 45640                            )

and					)
					)
**JANE HANLIN**				)
Jefferson County Prosecuting Attorney	)
16001 SR 7				)
Steubenville, OH  43952			)
					)
and					)
					)
**CHARLES T. MCCONVILLE**		)
Knox County Prosecuting Attorney		)
117 East High Street, Suite 234		)
Mt. Vernon, OH  43050-3457		)
					)
and					)
					)
**JENNY WELLS**				)
Licking County Prosecuting Attorney	)
20 South Second Street			)
Newark, OH  43055			)
					)
and					)
					)
**ERIC C. STEWART**			)
Logan County Prosecuting Attorney		)
117 E. Columbus Ave., S-200		)
Bellefontaine, OH  43311			)
					)
and					)
					)
**NICHOLAS ADKINS**			)
Madison County Prosecuting Attorney	)
59 North Main Street			)
London, OH  43140			)
					)
and					)
					)
**LYNN MARO**				)
Mahoning County Prosecuting Attorney	)
21 West Boardman Street, Suite 600		)
Youngstown, OH  44503			)
					)
and					)
					)
					)
					)

10

**JAMES K. STANLEY**                               )
Meigs County Prosecuting Attorney                  )
112 E. Memorial Drive, Suite B                     )
Pomeroy, OH  45769                                 )
                                                   )
and                                                )
                                                   )
**JAMES L. PETERS**                                )
Monroe County Prosecuting Attorney                 )
101 North Main Street, Room 15                     )
Woodsfield, OH  43793                              )
                                                   )
and                                                )
                                                   )
**RICHARD WELCH**                                  )
Morgan County Prosecuting Attorney                 )
19 East Main Street                                )
McConnelsville, OH  43756-1125                     )
                                                   )
and                                                )
                                                   )
**ANDREW WICK**                                    )
Morrow County Prosecuting Attorney                 )
60 East High Street                                )
Mt. Gilead, OH  43338                              )
                                                   )
and                                                )
                                                   )
**RONALD WELCH**                                   )
Muskingum County Prosecuting Attorney              )
27 North Fifth Street                              )
Zanesville, OH  43702-0189                         )
                                                   )
and                                                )
                                                   )
**JORDAN CROUCHER**                                )
Noble County Prosecuting Attorney                  )
150 Courthouse                                     )
Caldwell, OH  43724                                )
                                                   )
and                                                )
                                                   )
**TERRY RUGG**                                     )
Perry County Prosecuting Attorney                  )
111 North High Street                              )
New Lexington, OH  43764                           )

11

and                                                      )
                                                         )
**JAYME FOUNTAIN**                                       )
Pickaway County Prosecuting Attorney                     )
203 South Scioto Street                                  )
Circleville, OH  43113-0910                              )
                                                         )
and                                                      )
                                                         )
**MIKE DAVIS**                                           )
Pike County Prosecuting Attorney                         )
100 East Second Street, Suite 100                        )
Waverly, OH  45690-1301                                  )
                                                         )
and                                                      )
                                                         )
**JEFFREY C. MARKS**                                     )
Ross County Prosecuting Attorney                         )
33 West Main Street, Ste. 200                            )
Chillicothe, OH  45601                                   )
                                                         )
and                                                      )
                                                         )
**DENNIS WATKINS**                                       )
Trumbull County Prosecuting Attorney                     )
160 High Street                                          )
Warren, OH  44481                                        )
                                                         )
and                                                      )
                                                         )
**DAVID W. PHILLIPS**                                    )
Union County Prosecuting Attorney                        )
249 West Fifth Street                                    )
Marysville, OH  43040                                    )
                                                         )
and                                                      )
                                                         )
**WILLIAM L. ARCHER, JR.**                               )
Vinton County Prosecuting Attorney                       )
Vinton County Courthouse                                 )
McArthur, OH  45651                                      )
                                                         )
and                                                      )
                                                         )
                                                         )
                                                         )

**NICOLE COIL**                                )
Washington County Prosecuting Attorney          )
205 Putnam Street                               )
Marietta, OH  45750                             )
                                                )
and                                             )
                                                )
**ARIANA BOWLES NORRIS**                        )
Adams County Prosecuting Attorney               )
110 West Main Street                            )
West Union, OH  45693                           )
                                                )
and                                             )
                                                )
**ZACHARY A. CORBIN**                           )
Brown County Prosecuting Attorney               )
740 Mt. Orb Pike, Suite 1                       )
Georgetown, OH  45121                           )
                                                )
and                                             )
                                                )
**MICHAEL T. GMOSER**                           )
Butler County Prosecuting Attorney              )
315 High Street, 11th Floor                     )
Hamilton, OH  45011                             )
                                                )
and                                             )
                                                )
**MARK TEKULVE**                                )
Clermont County Prosecuting Attorney            )
76 South Riverside Drive, 2nd Floor             )
Batavia, OH  45103                              )
                                                )
and                                             )
                                                )
**BRIAN A. SHIDAKER**                           )
Clinton County Prosecuting Attorney             )
103 East Main Street                            )
Wilmington, OH  45177                           )
                                                )
and                                             )
                                                )
**CONNIE PILLICH**                              )
Hamilton County Prosecuting Attorney            )
230 East Ninth Street, S-4000                   )
Cincinnati, OH  45202                           )

13

and                                                          )
                                                             )
**ANNEKA COLLINS**                                           )
Highland County Prosecuting Attorney                         )
112 Governor Foraker                                         )
Hillsboro, OH  45133                                         )
                                                             )
and                                                          )
                                                             )
**BRIGHAM M. ANDERSON**                                      )
Lawrence County Prosecuting Attorney                         )
111 South 4th Street                                         )
Ironton, OH  45638                                           )
                                                             )
and                                                          )
                                                             )
**SHANE A. TIEMAN**                                          )
Scioto County Prosecuting Attorney                           )
612 Sixth St.                                                )
Portsmouth, OH  45662                                        )
                                                             )
and                                                          )
                                                             )
**DAVID P. FORNSHELL**                                       )
Warren County Prosecuting Attorney                           )
500 Justice Drive                                            )
Lebanon, OH  45036                                           )
                                                             )
and                                                          )
                                                             )
**KEVIN S. TALEBI**                                          )
Champaign County Prosecuting Attorney                        )
200 North Main Street                                        )
Urbana, OH  43078                                            )
                                                             )
and                                                          )
                                                             )
**DAN DRISCOLL**                                             )
Clark County Prosecuting Attorney                            )
50 East Columbia Street, Suite 449                           )
Springfield, OH  45501                                       )
                                                             )
and                                                          )
                                                             )
                                                             )
                                                             )

14

**JAMES BENNETT**                                     )
Darke County Prosecuting Attorney                     )
Darke County Courthouse 3rd Floor                     )
Greenville, OH  45331                                 )
                                                      )
and                                                   )
                                                      )
**DAVID HAYES**                                       )
Greene County Prosecuting Attorney                    )
61 Greene Street, 2nd Floor                           )
Xenia, OH  45385-3101                                 )
                                                      )
and                                                   )
                                                      )
**PAUL M. WATKINS**                                   )
Miami County Prosecuting Attorney                     )
201 West Main Street                                  )
Troy, OH  45373                                       )
                                                      )
and                                                   )
                                                      )
**MATHIAS H. HECK, JR.**                              )
Montgomery County Prosecuting Attorney                )
301 West Third St, 5th Floor                          )
Dayton, OH  45422                                     )
                                                      )
and                                                   )
                                                      )
**ERIC MARIT**                                        )
Preble County Prosecuting Attorney                    )
101 East Main Street                                  )
Eaton, OH  45320                                      )
                                                      )
and                                                   )
                                                      )
**WILLIAM ZIMMERMAN**                                 )
Shelby County Prosecuting Attorney                    )
P.O. Box 4159                                         )
Sidney, OH  45365-0987                                )
                                                      )
and                                                   )
                                                      )
                                                      )
                                                      )
                                                      )
                                                      )

15

**REBECCA FACEY**          )
Chief Prosecutor          )
City of Toledo          )
555 N. Erie Street          )
Toledo, OH  43604          )
          )
and          )
          )
**AQUEELAH A. JORDAN**          )
Chief Prosecutor          )
Cleveland Prosecutor's Office          )
1200 Ontario Street, 8th Floor          )
Cleveland, OH  44113          )
          )
and          )
          )
**CRAIG J. MORGAN**          )
Chief City Prosecutor          )
City of Akron Law Department          )
217 S. High Street, Suite 203          )
Akron, OH  44308          )
          )
and          )
          )
**ZACH KLEIN**          )
Columbus City Attorney          )
City of Columbus          )
77 N. Front Street          )
Columbus, OH  43215          )
          )
and          )
          )
**BARBARA DOSECK**          )
Director of Law          )
City of Dayton          )
City Hall, 3rd Floor          )
101 W. Third Street          )
Dayton, OH  45402          )
          )
and          )
          )
**EMILY SMART WOERNER**          )
City Solicitor          )
City of Cincinnati          )
801 Plum Street, Room 214          )
Cincinnati, OH  45202          )

16

and                                          )
                                             )
**HEATHER PENTYCOFE**                         )
Chief Prosecutor                             )
City of Sylvania                             )
6700 Monroe Street                           )
Sylvania, OH 43560                           )
                                             )
and                                          )
                                             )
**CHYNNA FIFER**                              )
Oregon City Prosecutor                       )
5330 Seaman Road                             )
Oregon, OH 43616                             )
                                             )
and                                          )
                                             )
**DAN ARNOLD**                                )
Maumee Prosecutor                            )
400 Conant Street                            )
Maumee, OH 43537                             )
                                             )
and                                          )
                                             )
**PAUL A. DOBSON**
Wood County Prosecuting Attorney
One Courthouse Square
Bowling Green, OH  43402-2431

      Defendants.

*       *       *

## INTRODUCTION

1.     This case seeks to restrain enforcement of a series of interrelated Ohio statutes that would reserve the market in Ohio for federally lawful hemp products to a favored in-state class of Ohio marijuana "dispensaries." The statutes act in concert to force out-of-state firms and their owners to establish a physical presence in Ohio, withdraw from the Ohio market, or risk criminal prosecution and years of imprisonment for operating in Ohio's market without an in-state presence. The crux of the matter is Senate Bill 56's purported reclassification of federally lawful hemp

17

products as "marihuana" within Ohio's borders and then granting immunity only to the favored in-state class for selling marihuana. This is a gross intrusion upon Congress' exclusive power to regulate interstate commerce, which acts as an inherent restriction and limitation on state legislatures. If every state acted as Ohio has, there would be 50 siloed markets for hemp-derived products rather than a single national market. The Founders gave Congress the sole power to regulate interstate markets to avoid the result of individual state legislatures having the power to annihilate national markets. Here, in the 2018 Farm Bill, Congress created the market at issue by removing "hemp" products from the Controlled Substances Act.  As the federal court recognized in permanently enjoining New Jersey's materially identical scheme in *Loki Brands, LLC v. Platkin*, and as the Sandusky County Common Pleas Court confirmed in granting injunctive relief against S.B. 56's enforcement in *North Fork Distribution v. Wensinger*, Ohio's law cannot survive constitutional scrutiny, and this Court should declare it unconstitutional and enjoin its enforcement before Plaintiffs suffer further irreparable harm.  Not only does the statutory scheme violate the dormant Commerce Clause it is also preempted by the Farm Bill, which says that states may not interfere with the interstate transportation of hemp products. Finally, the bill that is the lynchpin of this scheme – Senate Bill 56 – was never approved in a matter that satisfies the Ohio constitution itself.

### THE PLAINTIFFS

2.     Plaintiff Titan Logistics Group LLC, d/b/a 420 Craft Beverage ("Titan") and Your Highness is an Ohio limited liability company with its principal place of business in Cleveland, Ohio. Titan sources hemp-derived ingredients and materials from suppliers located outside Ohio for use in its hemp products. Because Titan incorporates out-of-state hemp materials into its products, it falls outside Ohio's closed-loop marijuana licensing paradigm and faces the same

18

exposure to felony prosecution under S.B. 56 as out-of-state companies, notwithstanding its Ohio domicile.

3.  Plaintiff Hopportunity Holding Company LLC ("Hopportunity") is an Ohio limited liability company with its principal place of business in Cleveland, Ohio. Hopportunity sources and incorporates hemp-derived materials from out-of-state suppliers into its products. Because Hopportunity relies on the interstate shipment of federally legal hemp ingredients into Ohio, S.B. 56's reclassification of those ingredients as "marihuana" upon entry into Ohio renders Hopportunity unable to lawfully continue its operations without entering Ohio's closed-loop marijuana licensing system, which is not accepting new licensees.

4.  Plaintiff Saucy Seltzer LLC ("Saucy Seltzer"), is a Delaware limited liability company with its principal place of business in Cleveland, Ohio. Saucy Seltzer sources hemp-derived ingredients used in its beverages from suppliers located outside Ohio. These out-of-state hemp ingredients are transported in interstate commerce from, among other places, Illinois into Ohio and are used in the production of Saucy Seltzer's beverage products. Under S.B. 56, these federally legal, out-of-state hemp ingredients would be reclassified as "marihuana" upon crossing Ohio's borders, rendering Saucy Seltzer's Ohio-based manufacturing operations unlawful and exposing the company to felony prosecution despite its in-state presence.

5.  Plaintiff App Girls LLC, d/b/a Appalachian Girls ("App Girls"), is an Ohio limited liability company with its principal place of business in Nelsonville, Ohio. App Girls sources hemp-derived ingredients and materials from suppliers located outside Ohio for use in its hemp products. Because App Girls incorporates out-of-state hemp materials into its products, it falls outside Ohio's closed-loop marijuana licensing paradigm and faces the same exposure to felony prosecution under S.B. 56 as out-of-state companies, notwithstanding its Ohio domicile.

6.      Plaintiff Modern Distribution, LLC, ("Modern Distribution"), is a Wyoming limited liability company with a principal place of business in High Point, North Carolina.

7.      Plaintiff Grayscale Brewing, LLC, d/b/a Niche Beverage ("Grayscale"), is an Ohio limited liability company with its principal place of business in Cincinnati, Ohio. Grayscale manufactures hemp-derived beverages at its Cincinnati facility using hemp-derived ingredients sourced from outside Ohio. Because Grayscale incorporates out-of-state hemp materials into its products, it cannot operate within Ohio's closed-loop marijuana licensing system and faces felony prosecution under S.B. 56 despite maintaining substantial physical operations within Ohio.

8.      Plaintiff IHC Investments, Inc., d/b/a The Hemp Collect ("IHC"), is a Delaware corporation with its principal place of business in Portland, Oregon.

9.      Plaintiff Know Naturals LLC, d/b/a Slightly Elevated ("Know Naturals"), is a Wyoming limited liability company with its principal place of business in McClellanville, South Carolina.

10.     Plaintiff Precision Fill and Pack LLC, d/b/a Mellow Fellow ("Mellow Fellow"), is a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida.

11.     Plaintiff JSZN LLC, d/b/a Muffins ("Muffins"), is a Florida limited liability company with its principal place of business in Miami, Florida.[1]

12.     Plaintiffs make hemp beverages and other hemp-derived products and sell them throughout Ohio.

13.     Several Plaintiffs – including Saucy Seltzer, App Girls, Hopportunity, and Grayscale – are Ohio-domiciled companies with substantial in-state operations and infrastructure. However, because these Plaintiffs source and incorporate hemp-derived ingredients from out-of-

---

[1] Collectively, Titan, Hopportunity, Saucy Seltzer, App Girls, Modern Distribution, Grayscale, IHC, Know Naturals, Mellow Fellow, and Muffins are referred to as "Plaintiffs."

state suppliers, they fall outside Ohio's closed-loop licensing paradigm. S.B. 56's reclassification of out-of-state hemp as "marihuana" upon crossing Ohio's borders means that even these in-state companies cannot lawfully use their existing supply chains. Thus, the dormant Commerce Clause injury is not limited to out-of-state companies; Ohio's own businesses are equally harmed when they rely on the interstate commerce of federally legal hemp that Congress authorized.

14. Plaintiffs also sell direct to consumers, distributors and retail stores on a national scale. They cannot do so presently in Ohio, however, without risking being considered marihuana traffickers pursuant to a peculiar new Ohio law that was purportedly passed within S.B. 56, which took effect on March 20, 2026.

15. This case concerns invalidities respecting S.B. 56. A copy of the purported enrolled version of S.B. 56 is appended hereto as Exhibit A. This case specifically challenges whether S.B. 56 was lawfully enacted at all and, if so, what provisions, if any, were validly adopted.

16. As detailed below, this case also challenges the new, narrowed definition of "hemp" (*see* pp. 25-26 of enrolled version at R.C. 928.01(C)) because this definition, in concert with preexisting controlled-substance laws, triggers dormant Commerce Clause and federal preemption issues. While S.B. 56's "passage" is disputed in this lawsuit, it purportedly took effect on March 20, 2026. The statutory scheme discriminates against interstate commerce by largely reserving the Ohio market for federally legal hemp-derived cannabinoid products to entities operating within Ohio's marijuana licensure system, which is geographically and operationally limited to in-state cultivation, processing, and licensed-dispensary sales.

17. Prior to S.B. 56's purported passage, Plaintiffs shipped, sold, and distributed hemp-derived products in interstate commerce and throughout Ohio and had substantial inventory tied to those sales. Plaintiffs marketed their products throughout Ohio and would seek to increase their

business in this market but-for S.B. 56. Plaintiffs have made substantial investments in infrastructure and physical equipment in Ohio and elsewhere that cannot be readily liquidated.

18. In addition to foreclosing Plaintiffs from operating in Ohio, S.B. 56 has the practical effect of placing Ohio regulatory strings upon the interstate transportation of hemp and the national hemp market, which Congress legalized within the 2018 Farm Bill.

19. Notably, the State of New Jersey previously enacted a materially analogous regulatory scheme, which was permanently enjoined, in relevant part, on Dormant Commerce Clause and federal preemption grounds in *Loki Brands, LLC v. Platkin*, 2024 WL 4457485, *12 (D.N.J. Oct. 10, 2024), attached hereto as Exhibit B.

20. More specifically, this case challenges (a) Ohio's efforts to frustrate federal law in violation of established dormant Commerce Clause and federal preemption principles, and (b) Governor Richard Michael DeWine's abuse of his narrow power under Ohio Constitution Article II, Section 16 to veto an "item" in an appropriations bill.

21. As detailed below, in *North Fork Distribution I, LLC v. Derek Wensinger, et al.*, Case No. 26-CV-312 the Sandusky County Common Pleas recently enjoined certain law-enforcement defendants from enforcing Senate Bill 56 ("S.B. 56") related to a hemp-producer's products.

22. On March 24, 2026, Judge Jeremiah Ray of the Sandusky County Common Pleas Court granted a hemp producer's Motion for Temporary Restraining Order enjoining Defendants from enforcing S.B. 56. On May 14, 2026, after extensive briefing and a full evidentiary hearing, Judge Ray granted Plaintiff's Motion for Preliminary Injunction in part, enjoining enforcement of S.B. 56 against that plaintiff's hemp products that meet the federal definition of hemp. *See* Orders and Opinion in *North Fork Distribution I, LLC v. Derek Wensinger, et al.*, Case No. 26-CV-312;

22

attached hereto as Exhibit C. The court found that the plaintiff demonstrated a likelihood of success on the merits of its dormant Commerce Clause claim, that it would suffer irreparable harm absent injunctive relief, and that the public interest supported the injunction. The court specially found that Ohio's statutory scheme operated to favor in-state licensed marijuana businesses over out-of-state hemp companies, presenting a classic dormant Commerce Clause violation.

### JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal questions) and 28 U.S.C. § 1343 in that this action arises under the Constitution and laws of the United States, including the Supremacy Clause (U.S. Const. art. VI, cl. 2), the Commerce Clause (U.S. Const. art. I, § 8, cl.3), the Due Process Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983, and seeks redress for the deprivation of rights secured by the Constitution of the United States.

24.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the event giving rise to the claims occurred in this district, and because numerous defendants are located in this district.

25.     Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

### BACKGROUND AND THE 2018 FARM BILL

26.     In 2018, Congress passed and President Donald J. Trump signed the Farm Act, Pub. L. No. 115-334, 132 Stat. 4490 (the "Farm Bill"), which legalized the possession **and** cultivation of hemp. *See* 21 U.S.C. §§ 802(16)(B), 812 sched. I(c)(17).

27.     Because hemp and marijuana are different varieties of the same plant, the Farm Bill uses the concentration of delta-9 THC to set a threshold distinguishing the two.

23

28.     As defined by the Act, hemp includes "any part of" the plant Cannabis sativa L. "and all derivatives, extracts, [and] cannabinoids … whether growing or not," with a delta-9 THC concentration of no more than 0.3 percent on a dry weight basis. 7 U.S.C. § 1639o(1).

29.     The Farm Bill further provides:

(a) RULE OF CONSTRUCTION. – Nothing in this title or an amendment made by this title prohibits the interstate commerce of hemp (as defined in section 297A of the Agricultural Marketing Act of 1946 (as added by section 10113)) or hemp products.

(b) TRANSPORTATION OF HEMP AND HEMP PRODUCTS. – No State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products produced in accordance with subtitle G of the Agricultural Marketing Act of 1946 (as added by section 10113) through the State or the territory of the Indian Tribe, as applicable.

AGRICULTURE IMPROVEMENT ACT OF 2018, PL 115-334, December 20, 2018, 132 Stat 4490, § 10114 (codified at 7 U.S.C. § 1639 o note).

30.     Despite Congress creating of a national hemp market, S.B. 56 has turned federally **legal** hemp products into illegal marijuana for purposes of Ohio law – including this state's penal code – unless the products were (a) cultivated, (b) processed, and (c) dispensed within Ohio's three-tiered, closed-loop medical marijuana and adult-use marijuana ecosystem. Ohio's marijuana regulatory framework requires cultivation, processing, and dispensing licenses tied to fixed Ohio facilities and currently issues no new licenses.  Any violation of Ohio's three-tiered, closed-loop regulatory framework subjects that party to felony prosecution.

31.     The practical effect is that all otherwise federally **legal** hemp cultivation, processing, and sales may only occur within the supply chain controlled by Ohio's licensed marijuana companies, which all operate in disregard of federal marijuana laws.

24

32.     As explained further below, under S.B. 56's narrowed definition of "hemp" stated within R.C. 928.01(C), federally **legal** hemp that enters Ohio from another state would instantly become marijuana when it crosses into Ohio's borders.

33.     Without immediate relief, Plaintiffs will suffer irreparable harm.

34.     If Plaintiffs do not go out of business, they risk facing, at minimum, felony marijuana possession and trafficking prosecutions even though the new so-called (in Ohio) "marijuana" is a federally legal substance that Plaintiffs sell in interstate commerce.

35.     Plaintiffs thus seek to declare S.B. 56 unconstitutional and enjoin its enforcement.

36.     S.B. 56 purports to ban federally **legal** hemp in this state unless it is cultivated, processed, and dispensed within Ohio's three-tiered, closed-loop medical marijuana or adult-use marijuana ecosystem.

37.     "**As a result … products that fall outside the scope of the new narrowed hemp definition [will be] considered marijuana and sold exclusively in marijuana dispensaries**." *See* Synopsis of Conference Committee Amendments, attached as Exhibit D.

38.     S.B. 56 is invalid in whole or part for at least three reasons:

   i.  S.B. 56 offends the Dormant Commerce Clause by allowing hemp only if it is cultivated and processed and sold within Ohio within Ohio's marijuana licensing system, which requires an in-state presence to even be considered for a license;

   ii.  S.B. 56 is invalid under the Supremacy Clause as it would forbid the interstate transportation of federally legal hemp to and through Ohio; and

   iii.  S.B. 56 was not passed in a manner that satisfies Ohio Constitution Article II, Section 16.

39.     This court should issue an injunction blocking enforcement of S.B. 56 in relevant part.

25

40. Indeed, the General Assembly and Governor have not even agreed on what passed.

41. Plaintiffs will otherwise suffer immediate and irreparable harm otherwise. This is for reasonable fear of prosecution under R.C. 2925.03 or R.C. 2925.11, which, as this court is no doubt aware, are among the most common charges brought in Ohio's state courts.

## THE DEFENDANTS

42. The defendants include highly experienced prosecutors and law enforcement officers and are sued in a representative capacity. *See* Civ. R. 23(A).

43. Upon information and belief, each defendant is a "law enforcement officer" as defined by R.C. 2901.01(A)(11).

44. Upon information and belief, each defendant has substantial experience in investigating and charging controlled substance offenses under R.C. Chapter 2925.

45. Upon information and belief, each defendant also has experience working alongside their county drug task force, which is established under Ohio law and aggressively investigates controlled-substance offenses.

46. It is anticipated that the defendants will be represented by skilled counsel who will assist them in adequately representing the interests of absent law enforcement officers.

47. This court should, therefore, certify a class of all Ohio law enforcement officers.

48. The class is so numerous that joinder of all members is impracticable.

49. There are questions of law or fact common to the class.

50. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

51.     The representative parties will fairly and adequately protect the interests of the class and are represented by able counsel. Indeed, this case comes down to purely legal issues respecting the purported passage of S.B. 56 and the legality of its provisions.

### STATE OF OHIO REGULATORY BACKGROUND

52.     Understanding the problems inherent in S.B. 56 requires familiarity with the federal 2018 Farm Bill, as well as familiarity with Ohio's controlled-substance laws. Thus, the relevant major statutes are outlined below. *Accord*, *Loki*, supra, 2024 WL 4457485 at *2, ("The way these statutes interact is vital to an understanding of this dispute. Therefore, a discussion of each statute is warranted.").

**Hemp is legal under current federal law. However, S.B. 56 purports to define federally legal hemp as "marihuana" for purposes of Ohio law, which carries significant collateral consequences.**

53.     Senate Bill 56 would sweep federally legal hemp into Ohio's new definition of "marihuana" under newly enacted R.C. 928.01. But before addressing new definitions, it's prudent to first review the bigger picture of Ohio's interrelated controlled-substance laws.

**Under Ohio law predating S.B. 56, hemp is <u>not</u> marihuana and, thus, its possession and sale are not generally criminally sanctionable.**

54.     Selling or possessing a controlled substance is generally a crime in Ohio. *See* R.C. 2925.03 (trafficking); R.C. 2925.11 (possession).

55.     Under R.C. 2925.01(A), "controlled substance" has the same meaning as in R.C. 3719.01.

56.     Under that statute, "controlled substance" means "a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." *See* R.C. 3719.01(C).

57.     Next, R.C. 3719.01(V) provides:

27

"Schedule I," "schedule II," "schedule III," "schedule IV," and "schedule V" mean controlled substance schedules I, II, III, IV, and V, respectively, as established by rule adopted under section 3719.41 of the Revised Code, as amended pursuant to section 3719.43 or 3719.44 of the Revised Code, or as established by emergency rule adopted under section 3719.45 of the Revised Code.

58. Pursuant to R.C. 3719.41, Ohio Administrative Code Rule 4729:9-01-1(D)(23) lists "Marihuana" as a Schedule I controlled substance; however, the rule itself provides no definition of the term.

59. "Marihuana," however, for purposes of R.C. Chapter 2925, "has the same meaning as in section 3719.01 of the Revised Code, except that it does not include hashish." *See* R.C. 2925.01(AA).

60. In turn, R.C. 3719.01(M) defines "Marihuana" – and says "marihuana" "does **not** include hemp":

> (M) "Marihuana" means all parts of a plant of the genus cannabis, whether growing or not; the seeds of a plant of that type; the resin extracted from a part of a plant of that type; and every compound, manufacture, salt, derivative, mixture, or preparation of a plant of that type or of its seeds or resin. "Marihuana" does not include the mature stalks of the plant, fiber produced from the stalks, oils or cake made from the seeds of the plant, or any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted from the mature stalks, fiber, oil or cake, or the sterilized seed of the plant that is incapable of germination. **"Marihuana" does not include "hemp"** **as that term is defined in** *section 928.01 of the Revised Code*.

61. Thus, by definition, hemp is **not** marihuana currently.

62. Prior to the purported passage of S.B. 56, R.C. 928.01(C) defined "hemp" as follows:

> (C) "Hemp" means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than three-tenths per cent on a dry weight basis.

28

63.     That definition mirrored the federal definition of "hemp" codified at 7 U.S.C.

§1390(o), which provides in relevant part:

> The term "hemp" means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.

64.     However, S.B. 56 purported to change all of this on March 20, 2026.

> **Senate Bill 56 repealed R.C. 928.01(C) and redefined "hemp" more narrowly than federal law by way of using the total concentration of THC and inserting into R.C. 928.01(C) a series of new exclusions to Ohio's definition of "hemp," thus trapping federally legal hemp under Ohio's definition of marijuana.**

65.     After S.B. 56, R.C. 928.01 now purportedly redefines hemp by including a series

of exclusions at (C)(1)-(4):

> (C) "Hemp" means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a total tetrahydrocannabinols concentration, including tetrahydrocannabinolic acid, of not more than three-tenths per cent on a dry weight basis. "Hemp" includes industrial hemp. **"Hemp" does not include any of the following:**
>
> (1) Any viable seeds from a Cannabis sativa L. plant that exceeds a total tetrahydrocannabinols concentration, including tetrahydrocannabinolic acid, of three-tenths per cent in the plant on a dry weight basis;
>
> (2) Any intermediate hemp-derived cannabinoid product containing any of the following:
>
> > (a) Cannabinoids that are not capable of being naturally produced by a Cannabis sativa L. plant;
> > (b) Cannabinoids that are capable of being naturally produced by a Cannabis sativa L. plant and were synthesized or manufactured outside the plant;
> >
> > (c) More than three-tenths per cent combined total of total tetrahydrocannabinols, including tetrahydrocannabinolic acid, and

29

any other cannabinoids that have similar effects or are marketed to have similar effects on humans or animals as a tetrahydrocannabinol as established by the superintendent of cannabis control in lists adopted under section 928.031 of the Revised Code.

(3) Any intermediate hemp-derived cannabinoid product that is marketed or sold as a final product or directly to an end consumer for personal or household use;

(4) Any final hemp-derived cannabinoid product containing any of the following:

(a) Cannabinoids that are not capable of being naturally produced by a Cannabis sativa L. plant;

(b) Cannabinoids that are capable of being naturally produced by a Cannabis sativa L. plant and were synthesized or manufactured outside the plant;

(c) Greater than four-tenths of a milligram combined total per container of total tetrahydrocannabinols, including tetrahydrocannabinolic acid, and any other cannabinoids that have similar effects, or are marketed to have similar effects, on humans or animals as a tetrahydrocannabinol as established by the superintendent of cannabis control in lists adopted under section 928.031 of the Revised Code.

66. The practical effects of this are important here.

67. Remember, under R.C. 3719.01(M), "marihuana" does **not** include "hemp."

68. So, by ***narrowing* the definition of *hemp*** through the inclusion of new exclusions, S.B. 56 ***necessarily* *expanded* Ohio's definition of *marihuana***.

69. Thus, federally legal hemp, which was previously 100% legal in Ohio, supposedly became "marihuana" for purposes of Ohio state law on March 20, 2026.

70. Absent a TRO, Plaintiffs and their customers/employees are therefore exposed to felony controlled-substance prosecutions in Ohio.

71.     The definitional change that brings about this result, while perhaps seemingly innocuous upon first blush, has significant constitutional consequences – beginning with the dormant Commerce Clause violation recognized in *Loki*.

### COUNT I: VIOLATION OF THE DORMANT COMMERCE CLAUSE
### (U.C. CONST. ART. I, § 8, cl.3)

72.     Sweeping federally legal hemp products under the definition of "marijuana" in Ohio cannot satisfy dormant Commerce Clause review because it has the practical effect of intrastate protectionism. *See Loki Brands, LLC v. Platkin*, 2024 WL 4457485, *12 (D.N.J. Oct. 10, 2024), and Orders and Opinions in *North Fork Distribution, I LLC v. Derek Wensinger, et al.*, Case No. 26-CV-312; attached as Exhibit C.

72.     Senate Bill 56 bans out-of-state hemp that is otherwise federally legal while allowing only Ohio's incumbent medical and recreational marijuana companies to sell federally legal hemp and banning out-of-state manufacturers and retailers from sending their products in Ohio, whether through e-commerce platforms or traditional retail distribution mechanisms.

73.     The definition also operates to offend federal law's express preemption provision cited above.

74.     By criminalizing the interstate shipment of federally lawful hemp products once they cross Ohio's borders, S.B. 56 stands as an obstacle to Congress's objective of facilitating a national market in hemp.

75.     Again, it cannot be overemphasized that, under S.B. 56's new version of R.C. 928.01, the moment federally legal out-of-state hemp crosses over Ohio's borders it becomes "marihuana" for purposes of Ohio law.

76.     The practical effect is to (a) protect Ohio's marijuana businesses from competition from out-of-state hemp retailers, processors, and cultivators (because the new law prevents

31

federally legal hemp from entering the Ohio marketplace without triggering potential marijuana possession and trafficking prosecutions) while simultaneously (b) granting Ohio's marijuana industry the **<u>exclusive</u>** right to grow, process, **<u>and</u>** dispense federally legal hemp – now known as "marihuana" in Ohio. This is analogous to the New Jersey situation two years ago, when the federal district court invalidated a protectionist scheme that only permitted federally legal hemp in New Jersey if it was grown in that state. *See*, *Loki Brands, LLC v. Platkin*, supra, 2024 WL 4457485.

> **State legislation making federally legal hemp "marijuana" in Ohio triggers Ohio's three-tier, closed-loop system that requires dispensaries to source and sell only marijuana that has been processed and cultivated within Ohio's geographic borders.**

77.     To fully explain the dormant Commerce Clause violation requires a review of Ohio's three-tiered, closed-loop system for medical and adult-use marijuana licensing. Understanding this system is important because the effect of S.B. 56's insertion of exclusionary language into the definition of "hemp" under R.C. 928.01 converts federally legal hemp into "marijuana" for purposes of Ohio law.

78.     This shows that the practical effect is to grant Ohio companies with licenses issued under Ohio's marijuana cultivation, processing, and dispensary laws an exclusive right in Ohio to cultivate, process, and sell federally legal hemp. As shown by the legislative services commission's "Synopsis of Conference Committee Amendments" this was not an accident or unintended. It says that S.B. 56 "**requires products that fall outside the scope of the new narrowed hemp definition to be considered marijuana and sold exclusively in marijuana dispensaries**."[2]

---

[2] https://www.legislature.ohio.gov/download?key=26814 (attached as Exhibit D.)

79.     Even though the dormant Commerce Clause forbids Ohio from banning a federally **legal** product on the basis that it isn't cultivated, processed, or sold in Ohio, that was the practical effect of S.B. 56.

80.     Under S.B. 56, Ohio's marijuana companies enjoy conditional immunity from prosecution.

81.     Licensed Ohio marijuana cultivators are immune from Ohio prosecutions for cultivating marijuana and delivering, transferring, and selling marijuana to other licensees. *See* R.C. 3796.18(A).[3]

82.     Similarly, licensed Ohio-based processors are immune from prosecution on the condition they sell to Ohio dispensaries or obtain product from an Ohio-licensed cultivator. *See* R.C. 3796.19(A)(1).[4]

83.     And licensed Ohio dispensaries are immune under R.C. 3796.20.[5]

---

[3] As of March 20, 2026, R.C. 3796.18(A)(1) provides:

> (A)(1) Notwithstanding any conflicting provision of the Revised…a licensed cultivator, including the holder of a current, valid cultivator license issued under this chapter before the effective date of this amendment, may do all of the following:
>> (a) Cultivate medical marijuana and adult-use marijuana;
>> (b) Deliver, transfer, or sell medical marijuana and adult-use marijuana to other license holders;
>> (c) Purchase or otherwise obtain medical marijuana and adult-use marijuana from other license holders;
>> (d) Acquire seeds, clones, plants, and other genetic material.

[4] As of March 20, 2026, R.C. 3796.19(A)(1) provides:

> (A)(1) Notwithstanding any conflicting provision of the Revised Code, a licensed processor, including the holder of a current, valid processor license issued under this chapter before the effective date of this amendment, may do all of the following:
>> (a) Purchase or otherwise obtain medical marijuana and adult-use marijuana from other license holders;
>> (b) Subject to division (B) of this section, process medical marijuana and adult-use marijuana into a form described in section 3796.06 of the Revised Code;
>> (c) Deliver, transfer, or sell processed medical marijuana and adult-use marijuana to other license holders.

[5] As of March 20, 2026, R.C. 3796.20(A)(1) provides:

84. Finally, dispensary customers enjoy immunity under R.C. 3796.22 (medicinal users)[6] and 3796.221 (adult-use).[7]

---

(A)(1) Notwithstanding any conflicting provision of the Revised Code, a licensed dispensary, including the holder of a current, valid retail dispensary license issued under this chapter before the effective date of this amendment, may do any of the following:

> (a) Purchase or otherwise obtain medical marijuana and adult-use marijuana from other license holders;
> (b) Dispense or sell medical marijuana in accordance with division (B) of this section;
> (c) Dispense or sell adult-use marijuana in accordance with division (C) of this section;
> (d) Sell paraphernalia that may be used in the administration of adult-use marijuana or medical marijuana as specified in rules adopted under section 3796.03 of the Revised Code;
> (e) Provide delivery of medical marijuana in accordance with the rules adopted under section 3796.03 of the Revised Code;
> (f) Deliver, transfer, or sell medical marijuana and adult-use marijuana to other license holders.

[6] As of March 20, 2026, R.C. 3796.22(A)(1)-(3) provides:

(A) Notwithstanding any conflicting provision of the Revised Code, a patient registered under this chapter who obtains medical marijuana from a licensed dispensary in accordance with this chapter may do all of the following:

> (1) Use medical marijuana;
> (2) Possess medical marijuana, subject to division (B) of this section;
> (3) Possess any paraphernalia or accessories that may be used in the administration of medical marijuana, as specified in rules adopted under section 3796.03 of the Revised Code.

[7] As of March 20, 2026, R.C. 3796.221 provides in relevant part:

(A) Notwithstanding any conflicting provision of the Revised Code, an adult-use consumer who obtains adult-use marijuana from a licensed dispensary may do all of the following:

> (1) Use adult-use marijuana;
> (2) Possess adult-use marijuana, subject to division (B) of this section;
> (3) Possess any paraphernalia or accessories that may be used in the administration of adult-use marijuana as specified in rules adopted under section 3796.03 of the Revised Code;

(4) Transfer adult-use and homegrown marijuana to another adult-use consumer if all of the following apply:

> (a) The transfer is without remuneration.
> (b) The amount transferred to the same adult-use consumer in the same day does not exceed either of the following:
>> (i) Two and one-half ounces of plant material, excluding any seeds, live plants, or clones being cultivated, grown, or possessed in accordance with section 3796.04 of the Revised Code;
>> (ii) Fifteen grams of extract.
> (c) The transfer occurs at privately owned real property that is used primarily for residential or agricultural purposes, including any dwellings, facilities, improvements, and appurtenances on such real property.

34

85.     Out-of-state companies without a physical presence in Ohio that manufacture, distribute, or sell at retail federally legal hemp-derived products cannot participate in this immunity because obtaining marijuana licensure in Ohio is impossible due to the absence of a physical presence here. And, in-state businesses that manufacture, distribute, or sell at retail out-of-state products are similarly banned from market participation in Ohio. Plus, Ohio is not currently issuing any new licenses and Plaintiffs' customers are afforded no "marijuana" immunity despite the substance containing federally legal hemp. There are approximately 204 licensed dispensaries in Ohio, **and the window to obtain a license is closed and Ohio is not currently issuing any additional marijuana licenses.** This is confirmed on the State's website:



86.     SB 56 gives Plaintiffs' entire market in Ohio to the dispensaries and gives the cultivators and processors in the dispensaries' supply chain a similar exclusive right to cultivate and process federally legal hemp.

87.     This eliminates all out-of-state competition and most in-state competition. The discriminatory impact of this system is confirmed by the Ohio Department of Commerce's Cannabis Dispensary Map:



88.     In sum, Ohio has shut off the market for federally legal hemp in Ohio unless produced within Ohio's pre-existing closed-loop marijuana supply chain.

89.     This presents a classic dormant Commerce Clause violation.

90.     Worse, the supply chain is given to an industry that violates federal law on a daily basis (marijuana is still illegal under federal law). Thus, anyone who seeks federally legal hemp will now have to financially support an otherwise unlawful dispensary operation.

91.     The moment out-of-state federally legal hemp-related products cross Ohio's borders, they would be subject to a controlled-substance prosecution under R.C. 2925.03 or R.C. 2925.11 for possessing or selling Ohio "marijuana."

92.     This is precisely how S.B. 56 is protectionist in nature, and facially discriminatory.

93.     Therefore, this court should temporarily, preliminarily, and permanently restrain and enjoin the defendants – and those with whom they may act in concert – from, directly or indirectly, taking any negative administrative, regulatory, civil, criminal, or other governmental actions against Plaintiffs based upon S.B. 56's purported enactment of new R.C. 928.01(C)(1)-(4).

94. This Court should also issue a declaratory judgment regarding the unconstitutionality of S.B. 56 in whole or part.

95. Similarly, that purported enactment would offend the express preemption provision in the 2018 Farm Bill because it has the effect, in concert with the other Ohio penal code statutes outlined above, of banning the interstate transportation of federally legal hemp (now categorized as marijuana in Ohio) to and from this state.

96. The *Loki* Court correctly held this to be violative of the Supremacy Clause of the United States Constitution:

> \*\*\* [T]he Court finds that Plaintiffs are correct that the effect of the NJHAA violates Congress's express preemption provision. The NJHAA creates and defines the category of "Intoxicating Hemp Products" as hemp products cultivated and manufactured in New Jersey and sold in New Jersey, but does not recognize corresponding intoxicating hemp products cultivated, produced, or manufactured outside of New Jersey. Out-of-state hemp products, moreover, are not exempted from the Controlled Dangerous Substance Act; therefore, they remain Schedule I controlled substances. In short, once the NJHAA becomes operative on October 12, 2024, it will effectively be a crime to transport or ship out-of-state intoxicating hemp products to, or through New Jersey. \*\*\*

> Accordingly, although there is no express language by the New Jersey Legislature that conflicts with Congress's express preemption provision in Section 10114 of the Farm Bill, the Court concludes that the relevant portions of the NJHAA that effectively makes it a crime to transport or ship hemp cultivated, derived, or manufactured outside New Jersey are nevertheless preempted by Section 10114.

97. Recently the Sandusky County Common Pleas Court granted a Temporary Restraining Order and granted, in part, a hemp distributor's Motion for Preliminary Injunction enjoining defendant police officers and the Ohio Attorney General (among others) "from taking prospective enforcement action against Plaintiff that treats Plaintiff's Covered Products as marijuana or as categorically unlawful solely because those products fall outside Ohio's post-S.B. 56 definition of hemp" on the basis that S.B. 56 violates the dormant Commerce Clause. *See North*

*Fork Distribution I, LLC v. Wensinger*, Decision and Order Granting Plaintiff's Motion for Preliminary Injunction in Part, Exhibit C.

98. Thus, as requested above, this court is likewise justified in temporarily, preliminarily, and permanently restraining the enforcement of any provision in S.B. 56 that operates to restrict out-of-state, federally legal hemp from entering Ohio by virtue of implicating potential criminal or other negative consequences.

99. Plaintiffs have no other available relief, nor are monetary damages available to serve as an adequate substitute for injunctive relief. *See e.g.*, *Loki*, supra, *11 ("Lastly, the NJHAA's targeting of out-of-state intoxicating hemp products has a practical effect of controlling interstate commerce…. Because out-of-state intoxicating hemp products would soon be deemed controlled dangerous substances, while in-state versions of the same product would not, companies would be compelled to rethink their business plans."), (cleaned up).

### COUNT II: FEDERAL PREEMPTION UNDER THE SUPREMACY CLAUSE
### (U.S. CONST. ART. VI, CL. 2)

100. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

101. S.B. 56 also stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress in enacting the 2018 Farm Bill – namely, legalizing hemp and hemp products and protecting the shipment and transportation of hemp and hemp products through the states. The challenged provisions of S.B. 56 are, therefore, also preempted under implied conflict preemption principles.

102. The 2018 Farm bill standardized the definition of hemp, separated its legal status from that of marijuana, and expressly provided that "[n]o State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products produced in accordance with" federal law.

103.     S.B. 56 redefines "hemp" under Ohio law more narrowly than the federal definition, reclassifying federally legal hemp as "marihuana" and, thereby, prohibiting its transportation and shipment to, from, and through Ohio in direct contradiction of the 2018 Farm Bill. S.B. 56 is, therefore, preempted by federal law under the Supremacy Clause of the United States Constitution.

**COUNT III:     VIOLATION OF OHIO CONSTITUTION ARTICLE II, SECTION 16 – S.B. 56 NEVER PASSED IN A MANNER SATISFYING THE OHIO CONSTITUTION**

104.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

105.     Because of the Governor's repeated misuse of the line-item veto, S.B. 56 was not passed in a manner that satisfies Ohio Constitution Article II, Section 16.

106.     Within Art. II, Sec. 16, the Ohio Constitution exhaustively enumerates the methods by which a bill may become law.

107.     None of those constitutionally prescribed processes were fulfilled here.

108.     Instead, Governor Richard Michael DeWine purported to create a new mechanism – conditioning gubernatorial approval on the repeated improper invocation of the line-item veto power.

109.     Available online are the (a) the purportedly "Disapproved Language"[8] and (b) the Governor's "Veto Message."[9]

110.     Article II, Section 16 of the Ohio Constitution permits the Governor to veto only "items" in an appropriation bill, but the provisions struck here were substantive policy provisions, not monetary appropriations, and were, therefore, not proper subjects of the line-item veto in the first place.

---

[8] https://www.legislature.ohio.gov/assets/legislation/legislation-documents/136/DisapprovedLanguageSB56.pdf

[9] https://www.legislature.ohio.gov/assets/legislation/legislation-documents/136/VetoMessageSB56.pdf

111. Article II, Section 16 essentially enumerates three ways a bill becomes law:

1. If the governor approves an act, he shall sign it;

2. If the governor does not approve the whole bill, he shall (a) return it with written objections (i.e., veto the entire bill) **or** (b) veto particular items of appropriation, and the legislature may repass the bill with a three-fifths majority override; or

3. If a bill is not returned by the governor within ten days, Sundays excepted, after being presented to him, it becomes law in like manner as if he had signed it.

112. None of these three methods is satisfied here. Indeed, the governor did not (1) approve the bill, (2) object to the entire bill or veto an "item," or (3) fail to return it entirely.

113. Rather, the governor took an approach enumerated nowhere in this state's constitution.

114. He only signed the bill upon purporting to veto text embodying substantive policy – not items of appropriation. He then returned that heavily edited version to the legislature. Indeed, as shown by "vetoed" text and "veto" message, the governor misused the line-item veto dozens of times, including vetoing an exemption for the beverage industry. *See* Disapproved Language attached as Exhibit E.[10]

115. Not a single instance involves a permissible use of the line-item veto, the exercise of which is governed by the last sentence of Art. II, Sec. 16, which states:

> The governor may disapprove any item or items in any bill making an appropriation of money and the item or items, so disapproved, shall be void, unless repassed in the manner prescribed by this section for the repassage of a bill.

116. The phrase "item" refers to an expenditure, not substantive policy text. **As used throughout Ohio Constitution Article II, "item" is a term of art.**

---

[10] This exhibit is a compilation of the portions of S.B. 56 that the governor purported to individually veto.

117. It is well established that "words used more than once in the same provision have the same meaning throughout the provision, unless there is clear evidence to the contrary." *State ex rel. Maurer v. Sheward*, 71 Ohio St.3d 513, 521 (1994).

118. The Supreme Court of Ohio has held that the Ohio constitution is like the Arizona constitution and adopted the Arizona's Supreme Court definition of "**item**" as meaning a "**separate particular in an enumeration, account or total**." *State ex rel. Brown v. Ferguson*, 32 Ohio St.2d 245, 251 (1972), approvingly quoting *Fairfield v. Foster* (1923), 25 Ariz. 146, 214 P. 319, 323.

119. Similarly, the Supreme Court of the United States adopted this reading when invalidating a purported "item" veto by the Governor-General in the Philippines, a former U.S. territory, that had a legal provision – much like the Ohio constitution – stating that, "The Governor General shall have the power to veto any particular item or items of an appropriation bill, but the veto shall not affect the item or items to which he does not object."

120. In explaining that this "exceptional" power is narrow, the Supreme Court explained that a contrary, broad interpretation of the governor's power could result in the enactment of a general law in an "**emasculated form not intended by the Legislature**" and potentially "**against the will**" of the majority of lawmakers who voted to pass the bill – a result that is obviously intolerable.[11]

---

[11] Indeed, *Bengzon v. Secy. of Justice of Philippine Islands*, 299 U.S. 410, 414-415 (1937) explained as follows:

> If the Governor-General had power under the foregoing clause of section 19 of the Organic Act to veto section 7 of the gratuities bill, he had like power to veto section 2, granting preferences to certain classes of officers and employees; or section 4, allowing a choice between the gratuity granted by the act under review and a gratuity granted by some other act; or section 5, according a right of succession to unpaid gratuities in case of death; or section 6, providing for conditional reappointment of persons separated or retired under the act; or to veto as many of them as he saw fit. No more than any of the designated sections does section 7 constitute an item of appropriation. All of them are distinct parts of an act of general legislation. The elimination of any by an exercise of the veto power, with the going into effect of the remaining portions of the bill as a consequence

121. Here, rather than disapproving any "item or items" within S.B. 56, Governor DeWine purported to "line-item" veto substantive provisions that he disapproves of on policy grounds. He catalogued this in his "veto message."

122. Fundamentally, Ohioans have not granted the governor such an exceptionally sweeping power.

123. Under Art. II, Sec. 16, the governor's choices were (a) sign the bill, (b) disapprove of it entirely (or veto of an "item or items," which are terms of art per *State ex. rel. Brown v. Ferguson*, supra), or (c) not return the bill at all and allow it to pass without his signature.

124. Because the approach the governor took respecting S.B. 56 is not constitutionally recognized, there is no agreement between the General Assembly and the governor as to what is to become law.

125. Thus, no variant of S.B. 56 may become law.

126. Otherwise, a new category of passage not enumerated in Art. II, Sec. 16 is created by extra-constitutional fiat.

---

(if the veto be not overruled by a two-thirds vote of each house), **would result in the enactment of a general law in an emasculated form not intended by the Legislature and against the will, perhaps, of a majority of each house**. This would not be negation of an item or items of appropriation by veto but, in effect, affirmative legislation by executive edict.

So, even if it be conceded that the bill could be characterized as an appropriation bill, section 7 is not an 'item' within the meaning of section 19 of the Organic Act. An item of an appropriation bill obviously means an item which in itself is a specific appropriation of money, not some general provision of law which happens to be put into an appropriation bill. Provisions granting power to the executive to veto an item or items of an appropriation bill are to be found, in various forms of expression, in many of the state constitutions. Their object is to safeguard the public treasury against the pernicious effect of what is called 'log-rolling'—by which, in order to secure the requisite majority to carry necessary and proper items of appropriation, unnecessary or even indefensible items are sometimes included.

127. Because the General Assembly and the Governor never constitutionally concurred on the same bill, no law was validly enacted and, thus, S.B. 56 should be enjoined from codification and enforcement **<u>entirely</u>**.

128. While this remedy has not been pressed in Ohio,[12] its logical underpinnings have been articulated by the Supreme Court of Delaware:

> The fundamental constitutional requirement of agreement on an entire piece of legislation between the House and Senate and the Governor is necessary whether the proposed legislation is an appropriations bill or a matter of general law, subject only to the authority conferred by Article III, Section 18 of the Constitution permitting a partial veto by the Governor of an item of appropriation.
>
> Consequently, it follows that, even though proposed legislation be an appropriations bill in some respects, if the Governor attempts to veto a portion of the bill, itself, which is not an appropriation but is a matter of general law, that indicates a lack of agreement between the Governor and both Houses of the General Assembly and, therefore, there has been no approval of the proposed legislation as an entirety by the Governor. Accordingly, that absence of approval necessitates the conclusion that the law has not been validly enacted.

*Opinion of the Justices*, 306 A.2d 720, 723 (Del. 1973). *Accord*, *Regents of State University v. Trapp*, 113 P. 910, 914, 28 Okla. 83, ("He attempted to approve the bill in part and disapprove it in part. But, since he was without authority thus to approve the bill, his sanction of parts of the bill was ineffectual to give those parts the force of a law. Whether, if the Governor had understood his powers relative to the bill differently, he would have approved the whole bill, including those items disapproved by him because in his judgment they were excessive, can only be conjectured. What he did do is a matter of record. He did not approve the entire bill, but specifically disapproved portions of it.")

---

[12] Plaintiffs are not barred from raising this issue now: "a reported decision, although in a case where the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a question not passed upon or raised at the time of the adjudication." *State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129, 131 (1952), syllabus.

129.    Therefore, all the provisions regarding the new interlinked definitions of hemp/marijuana, if not all of S.B. 56 itself, should be temporarily and preliminarily enjoined enforcement by defendants and with whom they may act in concert while a permanent injunction on these points is fully litigated. This court should also issue parallel declaratory relief.

### Count IV: 42 U.S.C. § 1983 – Deprivation of Constitutional Rights Under Color of State Law

130.    Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

131.    Defendants, acting under color of state law, have deprived and threaten to continue to deprive Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including the right to engage in the interstate commerce of federally legal hemp products free from state interference prohibited by the Commerce Clause and the Supremacy Clause.

132.    By enforcing or threatening to enforce S.B. 56's unconstitutional provisions against Plaintiffs (including the threat of felony prosecution for possessing or selling federally legal hemp), Defendants have caused and will continue to cause Plaintiffs irreparable injury, including the loss of their ability to conduct business in Ohio, the destruction of their customer relationships, and the chilling of their constitutionally protected right to engage in interstate commerce.

133.    Plaintiffs have no adequate remedy at law and an actual controversy exists between Plaintiffs and Defendants regarding the constitutionality of S.B. 56 and Defendants' authority to enforce it. Plaintiffs are entitled to declaratory and injunctive relief, as well as an award of all recoverable damages, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

134.    This court should also allow this case to be maintained as a defendant-class under Ced. R. 23(b)(2) and certify it as such under Rule 23(c).  All of the considerations in Rule 23(b)

44

are clearly satisfied here because determination is necessary as to whether the supposed redefinition of "hemp," which converts many substances to marihuana under Ohio state law operates to cause a dormant Commerce Clause violation and thus expose many businesses, Ohioans, consumers, and others who may be within this state to potential penal prosecution. The Northern District of Ohio has recognized the propriety of this procedure. *See Akron Ctr. For Reproductive Health v. Rosen*, 110 F.R.D. 576, 583–84 (N.D. Ohio 1986) (certifying a defendant class of prosecutors and enjoining the entire class from enforcement).

**WHEREFORE**, this court should issue emergency injunctive relief in the form of a temporary restraining order and then later issue preliminary and permanent injunctions. Each form of relief should adequately protect Plaintiffs from adverse governmental actions for participating in this state in an otherwise federally legal market involving hemp and hemp-derived products so long as their conduct comports with federal law and valid state laws predating S.B. 56. In addition, this Court should enter a declaratory judgment that S.B. 56 is unconstitutional and void, and should award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

This relief should include but not be limited to enjoining defendants (and law enforcement officers in Ohio) from making arrests or *Terry* stops, seeking search warrants, executing search warrants, seeking or filing criminal charges (whether misdemeanor or felony), or taking any other official action – whether civil, regulatory, administrative, or criminal – based upon the S.B. 56 version of R.C. 928.01(C).

Date: June 4, 2026

Respectfully submitted,

*/s/ Andrew R. Mayle*
Andrew R. Mayle (0075622)
MAYLE LLC

/s/ *Gregory H. Wagoner*
Gregory H. Wagoner (0076132)
Nicholas T. Stack (0086333)
SHUMAKER, LOOP & KENDRICK, LLP

*Attorneys for Plaintiffs*

Date: June 4, 2026                Respectfully submitted,

               */s/ Andrew R. Mayle*
               Andrew R. Mayle (0075622)
               MAYLE LLC

               /s/ *Gregory H. Wagoner*
               Gregory H. Wagoner (0076132)
               Nicholas T. Stack (0086333)
               SHUMAKER, LOOP & KENDRICK, LLP

               *Attorneys for Plaintiffs*

## **VERIFICATION**

Wesley Bryant, Chief Executive Officer at Titan Logistics Group LLC, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff Titan Logistics Group LLC are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

Signed by:

*wesley bryant*

32554C7961894EE...

Wesley Bryant
Chief Executive Officer
Titan Logistics Group LLC

39736924v1

## **VERIFICATION**

Brent Zimmerman, Chief Executive Officer at Hopportunity Holding Company, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff Hopportunity Holding Company are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

DocuSigned by:

*Brent Zimmerman*

1EDEA44B98F0452...

Brent Zimmerman
Chief Executive Officer
Hopportunity Holding Company

39736978v1

Docusign Envelope ID: 468DF292-D7E5-82E9-8234-50C9286C013C

## VERIFICATION

Brent Zimmerman, Chief Executive Officer at Saucy Seltzer LLC, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff Saucy Seltzer LLC are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

DocuSigned by:

*Brent Zimmerman*
1EDEA44B98F0452...

Brent Zimmerman
Chief Executive Officer
Saucy Seltzer LLC

39736958v1

Docusign Envelope ID: B7002520-B8A2-84D5-8329-30F8BC0C62AE

## **VERIFICATION**

Lance Melnichenko, Chief Executive Officer at App Girls LLC, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff App Girls LLC are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

Signed by:

5806FC3CADB8451...

Lance Melnichenko
Chief Executive Officer
App Girls LLC

39736911v1

## VERIFICATION

Jerry Oliver, Vice President of Operations at Modern Distribution, LLC, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff Modern Distribution, LLC are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

Signed by:

Jerry Oliver
Vice President, Operations
Modern Distribution, LLC

39736964v1

## **VERIFICATION**

Scott Hunter, Chief Financial Officer at Grayscale Brewing, LLC, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff Grayscale Brewing LLC are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

┌─DS<br>
SH

_____

Scott Hunter<br>
Chief Financial Officer<br>
Grayscale Brewing LLC

39736974v1

## **VERIFICATION**

Joel Thompson, Co-Founder and Chief Operating Officer at IHC Investments, Inc., states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff IHC Investments, Inc. are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

Signed by:

*Joel Thompson*

27D4406B50584A3...

Joel Thompson
Co-Founder and Chief Operating Officer
IHC Investments, Inc.

39736973v1

## <u>VERIFICATION</u>

Nick Zavakos, Co-Founder of Know Naturals LLC, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff Know Naturals LLC are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

Signed by:

*Nicholas Lee Zavakos*

BCE27ED74606408...

Nick Zavakos
Co-Founder
Know Naturals LLC

39736976v1

## VERIFICATION

JJ Coombs, Chief Executive Officer at Precision Fill and Pack LLC, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff Precision Fill and Pack LLC are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

Signed by:

JJ Coombs
8B269577E483469...

JJ Coombs
Chief Executive Officer
Precision Fill and Pack LLC

39736979v1

## **VERIFICATION**

Nishil Patel, Co-Founder of JSZN LLC, states under penalty of perjury that they have authority to make this Verification, that they have read the contents of the Verified Complaint, and that the factual allegations in the Verified Complaint related to Plaintiff JSZN LLC are true to their personal knowledge, or where based upon information and belief, they believe them to be true.

Signed by:

Nishil Patel

A6EB0FCE202E490

Nishil Patel
Co-Founder
JSZN LLC

39737100v1