UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Titan Logistics Group LLC, *et al.*,                                  Case No. 3:26-cv-1300

               Plaintiffs,

    v.                                                          MEMORANDUM OPINION
                                                  AND ORDER

Beth Tischler, *et al.*,

               Defendants.

## I.      INTRODUCTION AND BACKGROUND

Ten companies that make and sell hemp beverages and other hemp-derived products filed suit against ninety-six county and municipal prosecutor's offices, seeking to enjoin the Defendants from enforcing recently passed amendments to the Ohio Revised Code which subject those who manufacture or distribute products derived from hemp without an Ohio-issued license to civil and criminal penalties.  (Doc. No. 1).  Plaintiffs filed a motion for a temporary restraining order prohibiting Defendants from enforcing the amendments, which are found in Ohio Senate Bill 56. (Doc. No. 2).  Senate Bill 56 was signed into law on December 19, 2025, and took effect on March 20, 2026.

Hemp is derived from the Cannabis sativa L. plant, as is marijuana.  Cannabis sativa L. contains three tetrahydrocannabinol compounds ("THC") – delta-8, delta-9, and delta-10.  Delta-9 is the cannabinoid most associated with marijuana, while hemp-derived products most often contain delta-8.  Ohio law previously defined hemp as that plant, or any of its parts, with a concentration of no more than 0.3% of delta-9 THC, a statutory definition consistent with that found in federal law.

*See* 7 U.S.C.A. § 1639o(1).  Senate Bill 56, as relevant here, redefined hemp to include any substance with a total concentration of no more than 0.3% of any THC compound.  Ohio Rev. Code § 928.01(C).  Any substance with a concentration of THC greater than 0.3% constitutes marijuana. Ohio Rev. Code § 3719.01(M).  While the cultivation and sale of marijuana generally is prohibited by federal and state law, Ohio permits companies to do so if they have obtained a license.  *See* Ohio Rev. Code § 3796.18.

But, Plaintiffs contend, Senate Bill 56 violates the Constitution of the United States because it prohibits the cultivation and sale of federally legal hemp products unless the company seeking to produce and sell hemp-derived products cultivates and sells those products solely within the state of Ohio.  (*See* Doc. No. 2).  The State of Ohio filed a motion to intervene in this litigation, (Doc. No. 5), as well as a brief in opposition to Plaintiffs' motion for a temporary restraining order.  (Doc. No. 10).  The Warren County, Ohio Prosecutor's Office and the Medina County, Ohio Prosecutor's Office also filed briefs in opposition.  (Doc. Nos. 12 and 18).  Plaintiffs then filed a brief in reply. (Doc. No. 19).

On June 11, 2026, I held a hearing on Plaintiffs' motion, attended in-person by Plaintiffs' counsel and attorneys with the Ohio Attorney General's Office and the Ohio Division of Cannabis Control,[1] and remotely via video conference by attorneys representing many of the named Defendants.  As stated on the record during that hearing, I consider any arguments advanced by the State of Ohio or an individual Defendant to be applicable to all Defendants.  For the reasons stated below, I grant the motion.

---

[1]  The State of Ohio has moved to intervene in this litigation, arguing federal law permits it to intervene as of right to defend the constitutionality of a state statute.  (Doc. No. 5).  Plaintiffs sought and obtained leave to file a brief in opposition to the motion to intervene but did not object to the State's participation in oral argument.

## II.    DISCUSSION

### A.    JURISDICTION

During the June 11, 2026 hearing, several Defendants moved orally to dismiss this case, arguing county and municipal prosecutors' offices are not *sui juris* under Ohio law.  This argument is unpersuasive.

The Eleventh Amendment generally prohibits a plaintiff from suing a prosecutor's office for monetary damages.  *See, e.g., Simmons v. Sigler*, No. 2:19-CV-4108, 2020 WL 2557051, at *3 (S.D. Ohio May 20, 2020) (citing cases).  But "[a]n action seeking to enjoin enforcement of an allegedly unconstitutional statute through a suit against state officials charged with its enforcement is not barred by the Eleventh Amendment." *McNeilus Truck & Mfg., Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429, 437 (6th Cir. 2000) (citing *Ex parte Young,* 209 U.S. 123 (1908) and *Zielasko v. State of Ohio,* 873 F.2d 957 (6th Cir. 1989)).  And county and municipal prosecutors are properly named as defendants in a lawsuit like this one because they are tasked with enforcing state law. *McNeilus*, 266 F.3d at 437 (citation omitted).

Therefore, I deny the motions to dismiss.

### B.    LACHES AND ABSTENTION

The State of Ohio contends I should decline to hear this case pursuant to the doctrines of laches and abstention.  (Doc. No. 10 at 4-8).

"The "'[d]octrine of laches" is based upon the maxim that equity aids the vigilant and not those who slumber on their rights.  It is defined as neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as bar in court of equity."' *Advoc. Org. For Patients & Providers v. Mercy Health Servs.*, 987 F. Supp. 967, 970 (E.D. Mich. 1997) (quoting *Black's Law Dictionary,* 875 (6th ed. 1990)) (alteration by *Advoc. Org.*). But the Sixth Circuit has held that this doctrine does not apply to requests for prospective injunctive

3

relief. *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 412 (6th Cir. 2002) (Laches "does not prevent plaintiff from obtaining injunctive relief or post-filing damages.") (citations omitted). *See also McKeon Prods., Inc. v. Honeywell Safety Prods. USA, Inc.*, No. 95-CV-76322, 2021 WL 287729, at *5 (E.D. Mich. Jan. 28, 2021) ("Courts in the Sixth Circuit consistently hold that the doctrine of laches does not bar prospective injunctive relief, such as that sought in this case."). Therefore, I conclude the doctrine of laches does not bar Plaintiffs' claims in this case.

Nor is abstention appropriate pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (Doc. No. 10 at 6-8); *see also R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). It is true that the Supreme Court has held that "'when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state law question and thus avoid the possibility of unnecessarily deciding a constitutional question.'" *Assoc. Gen. Contractors of Ohio, Inc. v. Drabik*, 214 F.3d 730, 739 (6th Cir. 2000) (quoting *Harris Cnty. Comm'rs Ct. v. Moore,* 420 U.S. 77, 83 (1975)).

But while the State of Ohio offers the conclusory assertion that "the construction and application of Ohio S.B. 56" is unsettled, (Doc. No. 10 at 6), at no point has the State of Ohio disputed Plaintiffs' interpretation of that statute. And neither the State nor any of the named Defendants have pointed to a case in which an Ohio court has indicated that Senate Bill 56 means anything other than what Plaintiffs allege it does.

In these circumstances, "[a] federal court owes no duty to abstain [because the federal court is not required to defer] . . . to a state court when a federal constitutional question is at issue." *Assoc. Gen. Contractors*, 214 F.3d at 740 (citing *England v. La. Bd. of Med. Exam'rs*, 375 U.S. 411, 415-16 (1964)). Because the issue in dispute is whether Senate Bill 56 violates the Constitution of the United States, I conclude this Court is not required to abstain from hearing this case.

C.      MOTION FOR TEMPORARY RESTRAINING ORDER

The movant bears the burden of demonstrating that a temporary restraining order is warranted under Fed. R. Civ. P. 65(b).  *See Jane Doe v. Barron*, 92 F. Supp.2d 694, 695 (S.D. Ohio 1999).  In determining whether to issue a TRO or a preliminary injunction, I must examine and weigh the following four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.  *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).

Plaintiffs are likely to succeed on the merits of their claim that Senate Bill 56 violates the dormant Commerce Clause by prohibiting out-of-state companies from offering their products for sale unless they source and distribute those products solely in Ohio.[2]  While the State of Ohio contends Senate Bill 56 is facially neutral because it prohibits both in-state and out-of-state companies from selling hemp-derived products with a THC concentration of greater than 0.3%, (Doc. No. 10 at 15-16), they do not dispute that, in order to obtain a license to sell those products, companies must obtain, transfer, and dispense those products from locations within the State of Ohio only.  *See* Ohio Admin. Code 3796:6-3-01(C).

"[A]bsent discrimination, 'a State may exclude from its territory, or prohibit the sale therein of any articles which, in its judgment, fairly exercised, are prejudicial to' the interests of its citizens." *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 369 (2023) (quoting *Guy v. Baltimore*, 100 U.S. 434,

---

[2]  Because of this, I need not consider the parties' arguments concerning Plaintiffs' other proffered grounds for relief.  *See Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, & Kentucky, Inc. v. Cameron*, 599 F. Supp. 3d 497, 506 (W.D. Ky. 2022) ("The moving party need only show a likelihood of success on the merits on one claim where there are multiple claims at issue in a complaint.").

443 (1880)).  As a result, a state law that "imposes the same burdens on in-state . . . producers that it imposes on out-of-state ones" does not violate the Constitution.  *Nat'l Pork Producers*, 598 U.S. at 370.  *See also Am. Beverage Ass'n v. Snyder*, 735 F.3d 362, 373 (6th Cir. 2013) (holding that a state law that "burdens in-state beverage manufacturers who meet the designated thresholds to the same extent it burdens out-of-state manufacturers who meet the designated threshold . . . does not discriminate against interstate commerce on this basis") (internal quotation marks omitted).

But "the Commerce Clause prevent[s] States from passing facially neutral laws that place[] an impermissible burden on interstate commerce."  *Granholm v. Heald*, 544 U.S. 460, 477 (2005).  Thus, while it is true that Senate Bill 56 applies the same definition of hemp and attendant restrictions to both in-state and out-of-state companies, (*see* Doc. No. 10 at 15-16), *only* companies that source, manufacture, and distribute their hemp-derived products within Ohio may obtain a license permitting them to do so.  The State of Ohio cannot circumvent the unconstitutional character of these restrictions simply by limiting the number of in-state companies that may obtain a license.

Based on the record before me, I find that Plaintiffs have established there is a strong likelihood that they will succeed on the merits of their dormant Commerce Clause claim.

I also conclude Plaintiffs have adequately alleged they will suffer irreparable harm in the absence of a temporary restraining order because a finding that a plaintiff established a strong likelihood of success on the merits of an alleged constitutional violation "mandates" a finding of irreparable harm.[3]  *A.C.L.U. of Ky. v. McCreary Cnty., Ky.*, 354 F.3d 438, 445 (6th Cir. 2003), *aff'd sub*

---

[3]  Defendants argue I may not grant Plaintiffs' motion because enjoining duly enacted state statutes causes irreparable harm.  (*See, e.g.,* Doc. No. 12 at 3 (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977))).  But this principle of law gives way when the challenged statute is unconstitutional.  *See Does v. Whitmer*, No. 22-CV-10209, 2025 WL 1428243, at *5 (E.D. Mich. May 19, 2025) ("The Supreme Court has recognized that enjoining a state statute, by way of a preliminary injunction, can constitute irreparable harm unless the statute is unconstitutional.") (citing *Abbott v. Perez*, 585 U.S. 579, 602 (2018)).

*nom. McCreary Cnty., Ky. v. A.C.L.U. of Ky.*, 545 U.S. 844, (2005) (citing *Elrod v. Burns,* 427 U.S. 347, 373 (1976)).

During the hearing and in its briefing, the State of Ohio raised several substantial public health concerns in justifying the regulations of the hemp industry. *See also North Fork Distrib. I, LLC v. Wensginer*, Case No. 26 CV 312 (Ohio C.P. Ct. Mar. 24, 2026); (Doc. No. 1-3). I acknowledge the State's strong interest in maintaining consumer safety in this product market, but I conclude enforcement of a likely unconstitutional statute does not serve the public interest.

Finally, I conclude Defendants have not shown enjoining the enforcement of Senate Bill 56 will cause substantial harm to others, as the State of Ohio remains able to enforce other state laws regulating the safety of products offered for sale within the State.

D.      **REMAINING MATTERS**

Defendants argue I cannot issue the temporary restraining order Plaintiffs seek because the "status quo," or the current state of affairs, is that Senate Bill 56 is the law of the state of Ohio and because such relief is prohibited by *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). (*See, e.g.,* Doc. No. 10 at 20-21). And they argue I cannot grant Plaintiffs' requested relief because they failed to sue a necessary party (Doc. No. 18 at 1 ("Plaintiffs' Motion asks this Court to step into the shoes of the Ohio Department of Commerce Division of Cannabis Control and issue what is in effect a license to Plaintiffs" without the Division of Cannabis Control having been named as a party.)) But none of these arguments are persuasive.

First, the state of affairs that a temporary restraining order protects is the last point in time prior to the unlawful act or event. *See, e.g., Muffley ex rel. N.L.R.B. v. Voith Indus. Servs., Inc.*, 551 F. App'x 825, 834 (6th Cir. 2014) ("This court has described the status quo to be preserved or restored as that which existed before the alleged unfair labor practices took place."). Thus, Plaintiffs are not prohibited from obtaining injunctive relief merely because Senate Bill 56 has taken effect.

7

Next, the Supreme Court's decision in *Trump v. CASA* does not preclude me from granting Plaintiffs' motion.  In that case, the Court considered whether federal district courts have the equitable authority to issue "universal" injunctions of federal executive orders.  *See Trump*, 606 U.S. at 837.  But Defendants do not point to any language in that opinion limiting the authority of a district court to enjoin enforcement of an unconstitutional state statute pursuant to *Ex parte Young*. *Cf. Sanderson v. Hanaway*, No. 4:23-CV-1242-JAR, 2026 WL 1505958, at *1 (E.D. Mo. May 29, 2026) (concluding "*CASA* was not intended to upset longstanding precedent permitting statewide injunctions under *Ex parte Young*).  *See also Welty v. Dunaway*, 791 F. Supp. 3d 818, 843 (M.D. Tenn. 2025) and *Outmemphis v. Lee*, No. 2:23-CV-2670, 2026 WL 881226, at *34 (W.D. Tenn. Mar. 31, 2026).

Lastly, what Plaintiffs seek is an order holding that Senate Bill 56 is unconstitutional, not an order permitting them to participate in the system Senate Bill 56 created.  I am not persuaded that the absence of the Ohio Division of Cannabis Control from this lawsuit prevents me from entering injunctive relief.

## IV.  CONCLUSION

For the reasons stated above, I grant Plaintiffs' motion for a temporary restraining order. (Doc. No. 2).  Defendants, and any persons working for or in concert with Defendants, are temporarily enjoined from taking any criminal, civil, administrative, or regulatory enforcement action against the named Plaintiffs that involves, is dependent upon, or relates to the statutory definition of "hemp" as amended by Senate Bill 56, so long as the substance or product at issue qualifies as "hemp" or a hemp-derived product under federal law.

This temporary restraining order shall expire 14 days after issuance unless extended.  *See* Fed. R. Civ. P. 65.  This matter will be set for a preliminary injunction hearing by a future Order.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge