UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Titan Logistics Group, LLC, *et al.*,                                      Case No.  3:26-cv-1300

        Plaintiffs,

    v.                                                                                  ORDER

Beth Tischler, *et al.*,

        Defendants.

The State of Ohio, through the Ohio Attorney General's Office, moved to intervene in this case pursuant to 28 U.S.C. § 2403(b) and Federal Rules of Civil Procedure 5.1(c) and 24(a).  (Doc. No. 5).  Section 2403 provides:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.  The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b).

The State of Ohio contends each requirement of this statutory provision is met in this federal court litigation challenging the constitutionality of Ohio Senate Bill 56's regulation of

federally legal hemp-derived products because neither the State of Ohio nor one of its agencies, officers, or employees is named as a defendant.  (Doc. No. 5 at 4-5).

Plaintiffs oppose the State's motion, arguing that the county and municipal prosecutors' offices named as Defendants in this litigation "'are officers of the State of Ohio for purposes of the administration of the Ohio legislation challenged as unconstitutional'" because they prosecute crimes on behalf of the State of Ohio.  (Doc. No. 26 at 1) (quoting *Sovereign News Co. v. Falke*, 448 F. Supp. 306, 314 n.13 (N.D. Ohio 1977) and citing Ohio Rev. Code §§ 309.08 and 1901.34)).  Plaintiffs therefore believe that § 2403 does not permit intervention in this case.

But Plaintiffs' argument is not persuasive because it improperly narrows the scope of the temporary restraining order they requested and that I granted.  (*See* Doc. Nos. 2 and 21).  The plaintiff in *Sovereign News* challenged three Ohio statutes criminalizing the distribution and sale of pornography, after the plaintiff was investigated and prosecuted for violating those statutes.  *See Sovereign News*, 448 F. Supp. at 312-15.

By comparison, Plaintiffs seek injunctive relief protecting them not only from criminal prosecution, but also from any official "civil, regulatory, [or] administrative" action, and a declaratory judgment holding that Senate Bill 56 is unconstitutional.  (Doc. No. 1 at 45).  Plaintiffs do not suggest that Senate Bill 56 – which, among other things, also defines the State of Ohio's capacity to, and procedures for, issue licenses for the sale of federally defined marijuana and hemp products – limits itself only to the realm of criminal law.  Nor have they alleged that the named county and municipal Defendants are responsible for, or even capable of, taking civil, regulatory, or administrative actions against them.

Moreover, as the State of Ohio points out, at least one named Defendant previously declined to defend against a challenge to the constitutionality of Senate Bill 56.  (*See* Doc. No. 5 at 7).

I conclude the State of Ohio has demonstrated that it is permitted to intervene in this litigation pursuant to § 2403(b) for a "proper presentation of the facts and law relating to the question of constitutionality" of Senate Bill 56. Therefore, I grant its motion. (Doc. No. 5).


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge