UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Titan Logistics Group LLC, *et al.*,                    Case No. 3:26-cv-1300

        Plaintiffs,

    v.                                              MEMORANDUM OPINION
                                                        AND ORDER

Beth Tischler, *et al.*,

        Defendants.

## I.    INTRODUCTION AND BACKGROUND

On July 13, 2026, I granted the motion of Plaintiffs Titan Logistics Group LLC,

Hopportunity Holding Company LLC, Saucy Seltzer LLC, App Girls LLC, Modern Distribution,

LLC, Grayscale Brewing, LLC, IHC Investments, Inc., Know Naturals LLC, Precision Fill and Pack

LLC, and JSZN LLC, to preliminarily enjoin the State of Ohio and 96 Ohio county and municipal

prosecutor's offices and law enforcement officers working with those Defendants from taking any

adverse action against Plaintiffs pursuant to changes to the definitions of products derived from

hemp and marijuana enacted through the passage of Ohio Senate Bill 56. (Doc. No. 76).

I concluded Plaintiffs had established a strong likelihood of success on their claim that

enforcement of Ohio's prohibition on out-of-state companies selling federally legal intoxicating

hemp products while simultaneously permitting in-state companies to sell those same products

violates the Commerce Clause of the United States Constitution, that Plaintiffs adequately alleged

they would suffer irreparable harm in the absence of preliminary injunctive relief, and that granting

injunctive relief would not cause harm to others and would be in the public interest. (*Id.*).

The following day, the State filed a motion to stay that ruling while it appeals to the United States Court of Appeals for the Sixth Circuit. (Doc. No. 79). The State argues a stay is appropriate because it "is likely to succeed on appeal for two independent reasons: (1) the Sixth Circuit will disagree with this Court's legally baseless conclusion that laches cannot apply to constitutional claims, and (2) the Sixth Circuit will find that the preliminary injunction entered here is fatally overly broad." (*Id.* at 3). I am not persuaded by the State's arguments and deny its motion.

## II. STANDARD

"Courts analyze motions for injunctions pending appeal with a four factor test that is essentially the same as the test they use to analyze the general issuance of temporary restraining orders and preliminary injunctions." *Am. Standard, Inc. v. Meehan*, 614 F. Supp. 2d 844, 846-47 (N.D. Ohio 2007) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991), Fed. R. Civ. P. 62(c), and Fed. R. App. P. 8(a)). Thus, a court must determine whether the moving party has demonstrated "'(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.'" *DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th Cir. 2020) (quoting *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)) (further citation and quotation marks omitted).

While these factors are "'interrelated considerations that must be balanced together,'" a court "may not grant a stay 'where the movant presents no likelihood of merits success.'" *SawariMedia, LLC v. Whitmer*, 963 F.3d 595, 596 (6th Cir. 2020) (quoting *Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (per curiam), and *Daunt v. Benson*, 956 F.3d 396, 421-22 (6th Cir. 2020)) (further citations omitted).

### III.    DISCUSSION

**A.    LACHES**

The State first argues I erred in concluding "(1) laches does not apply to requests for preliminary injunctive relief, and (2) laches cannot apply when a plaintiff alleges a constitutional injury."  (Doc. No. 79 at 3).

Whether the State could succeed on those arguments on appeal is of no moment.  This is because I assumed for the sake of argument that laches properly applies to Plaintiffs' claims and conducted a laches analysis, concluding the State failed to establish it had been prejudiced by Plaintiffs' alleged delay in pursing injunctive relief.  (Doc. No. 76 at 4).  The State did not assert I committed an error in reaching that conclusion, much less present argument in support of such an assertion.  Therefore, I conclude the State cannot show any likelihood it will succeed on the merits of its laches argument.

**B.    PRELIMINARY INJUNCTIVE RELIEF**

The State next argues the preliminary injunction is overbroad and, therefore, invalid.  (*See* Doc. No. 79 at 5) ("Injunctions 'must … be limited to the inadequacy that produced the injury in fact that the plaintiff has established.'" (quoting *Gill v. Whitford*, 585 U.S. 48, 68 (2018)) (further citation omitted) (alteration by the State).  According to the State, this limitation, in the context of dormant Commerce Clause claims, "demand[s] that federal courts enjoin only those portions of a statute that discriminate against interstate commerce" and limits a court's available remedies to "either leveling up or leveling down the discriminatory statute or regulation."  (Doc. No. 79 at 5 (citing *Comptroller of Treasury of Md. v. Wynne*, 575 U.S. 542, 569 (2015)).

But the Supreme Court's discussion in *Wynne* made no reference to a court's power to issue injunctive relief.  Rather, the Supreme Court used the "leveling" phrases to describe the ways in which <u>a state</u> could cure statutes that violate the dormant Commerce Clause.  *Wynne*, 575 U.S. at 569

("Whenever government impermissibly treats like cases differently, it can cure the violation by either 'leveling up' or 'leveling down.'").

I agree that district courts are "limited to [enjoining] the inadequacy that produced the injury in fact that the plaintiff has established." *Gill*, 585 U.S. at 68. And my preliminary injunction order is limited to prohibiting Defendants and those working with them from taking any enforcement action against Plaintiffs and "any person or organization possessing, selling, distributing, or consuming Plaintiffs' products, that involves, is dependent upon, or relates to the statutory definition of 'hemp' as amended by Senate Bill 56, so long as the substance or product at issue is legally defined as 'hemp' or a hemp-derived product under federal law," because Ohio's statutory and regulating scheme governing those products impermissibly discriminates against out-of-state companies and in favor of in-state companies. (Doc. No. 76 at 9). Whether the State of Ohio should "level up" by permitting out-of-state companies to participate in the Ohio market for federally legal intoxicating hemp products or "level down" by prohibiting in-state companies from participating in that market is a legislative decision, not a judicial one.

Therefore, I conclude the State of Ohio has failed to show it has a likelihood of merits success on its overbreadth argument and deny its motion to stay on this basis as well.

## IV.    CONCLUSION

For the reasons stated above, I deny the State of Ohio's motion to stay the preliminary injunction pending appeal. (Doc. No. 79).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4