UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Titan Logistics Group LLC, *et al.*,                        Case No. 3:26-cv-1300

          Plaintiffs,

    v.                                                                      MEMORANDUM OPINION
                                           AND ORDER

Beth Tischler, *et al.*,

          Defendants.

## I.      INTRODUCTION AND BACKGROUND

Currently before me are: (1) the motions of Sarene Craft Beer Distributors Ohio LLC, Crescent Distributions NC, LLC, Delta Beverages Inc., Indigo Papers LLC, Torch Drinks LLC, and Opta Nevada Group LLC, to intervene as of right, or alternatively permissively, (Doc. No. 40), and to clarify the preliminary injunction order I entered in this case, (Doc. No. 82); (2) SS Beverages 1, Inc.'s motion to intervene, (Doc. No. 62), and its motion to extend the temporary restraining order to it, (Doc. No. 63); and (3) the motion of Mile High Cure Corp. and Sky Marketing Corporation to intervene.[1] (Doc. No. 73). The named Plaintiffs filed briefs in opposition to the motions filed by the first group of proposed Intervening Plaintiffs, (Doc. No. 70), and by SS Beverages. (Doc. No. 86).

---

[1] Only one of these motions, (Doc. No. 40), was fully briefed prior to the entry of the preliminary injunction order. The deadline to respond to the other two motions to intervene had not expired before the State of Ohio filed its notice of appeal. *See* Local Rule 7.1.

All the proposed Intervening-Plaintiffs argue they also are entitled to the relief obtained by the named Plaintiffs through my Memorandum Opinion and Order entering a preliminary injunction prohibiting the Defendants from taking adverse action against the named Plaintiffs pursuant to changes to the definitions of products derived from the Cannabis sativa L. plant.  (*See* Doc. No. 76).  After I denied Defendant the State of Ohio's motion to stay the preliminary injunction, (Doc. No. 83), the State filed a notice of appeal from my July 13, 2026 Memorandum Opinion and Order.  (Doc. No. 85).  I conclude the notice of appeal divests this Court of jurisdiction to grant the motions to intervene and deny those motions without prejudice.

## II.  DISCUSSION

"The traditional rule is that 'a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals.'"  *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) (quoting *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir. 1993)).  The Supreme Court has held "'[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"  *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982))

The Sixth Circuit, as well as other Courts of Appeal, has held that the filing of a notice of appeal deprives a district court of jurisdiction to rule upon a motion to intervene, even if that motion was filed before the notice of appeal.  *Taylor*, 680 F.3d at 617.  *See also Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (applying "the general jurisdiction-stripping rule to hold that an effective notice of appeal deprives a district court of authority to entertain a motion to intervene after the court of appeals has assumed jurisdiction over the underlying matter") (citing *Taylor*, 680 F.3d at 617; *Drywall Tapers & Pointers of Greater New York, Local Union 1974 v. Nastasi & Assocs. Inc.,*

488 F.3d 88, 94-95 (2d Cir. 2007); *Roe v. Town of Highland,* 909 F.2d 1097, 1100 (7th Cir. 1990); and

*Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 298, 299 (5th Cir. 1984)).

I acknowledge the interests of the proposed Intervening Plaintiffs in pursuing relief from

what I have concluded is an unconstitutional restriction on the ability of out-of-state companies to

sell federally legal intoxicating hemp products in Ohio.  But I conclude this Court lacks jurisdiction

to grant the motions to intervene and to expand the scope of the preliminary injunction currently on

appeal.  *See, e.g., City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 694

(6th Cir. 2007) (holding a district court erred in deciding "legal issues that it had not decided

previously . . . expanded significantly the scope of its previous order on appeal"); *Ohio State Conf. of the*

*N.A.A.C.P. v. Husted*, No. 2:14-404, 2014 WL 6698763, at *2 (S.D. Ohio Nov. 26, 2014) (denying

motion to intervene that could alter the scope of the judgment then on appeal); *Star Ins. Co. v. Nat'l*

*Union Fire Ins. Co. of Pittsburgh, PA*, No. 13-13807, 2014 WL 12789703, at *2 (E.D. Mich. Jan. 14,

2014) (same).

### III.    CONCLUSION

For the reasons stated above, I deny without prejudice the motions of the proposed

Intervening Plaintiffs to intervene in this litigation for lack of subject matter jurisdiction.  (Doc. Nos.

40, 62, and 73).  I deny the motion of SS Beverages 1, LLC to modify, (Doc. No. 63), and the

motion of Sarene Craft Beer Distributors Ohio LLC, Crescent Distributions, NC, LLC, Delta

Beverages Inc., Indigo Papers LLC, Opta Nevada Group LLC, and Torch Drinks LLC, to clarify,

(Doc. No. 82), for the same reasons.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge